UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **LAKE PRODUCTS LIMITED,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. _____ ) |
| **FLOWTREND, INC.,** | ) ) **Jury Trial Demanded** |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lake Products Limited, by and for its complaint against Defendant, Flowtrend, Inc., alleges to the Court as follows:

### JURISDICTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

2. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

### THE PARTIES

4. Plaintiff Lake Products Limited ("Plaintiff" or "Lake Products") is a corporation organized under the laws of New Zealand and having a principal place of business in Auckland, New Zealand.

5. Lake Products makes and sells pipe sealing boot products under the name Pipetite®.

6. Lake Products' exclusive distributor in the United States is Central States Industrial Equipment and Service, Inc., d/b/a CSI, a Missouri corporation having a principal place of business in this Judicial District at 2700 Partnership Blvd., Springfield, Missouri 65803.

CSI operates a website in the United States, www.pipetite.us, that markets and sells Lake Products' Pipetite® products.

7. Upon information and belief, Defendant Flowtrend, Inc. ("Flowtrend") is a corporation organized under the laws State of Texas and having a principal place of business located at 11512 Space Center Blvd, Houston, Texas 77059.

8. This Court has personal jurisdiction over Flowtrend because, among other things, Flowtrend has committed, aided, abetted, contributed to, and/or participated in acts of patent infringement in violation of 35 U.S.C. § 271 in this Judicial District that led to foreseeable harm and injury to Lake Products in this Judicial District.

9. Flowtrend has sold products, including PT Boots and other Accused Products, as defined below, in this Judicial District.

10. This Court also has personal jurisdiction over Flowtrend because, among other things, Flowtrend has established minimum contacts within the forum such that the exercise of jurisdiction over Flowtrend will not offend traditional notions of fair play and substantial justice. Among other things, Flowtrend has sold products, including PT Boot products, in competition with Lake Products' exclusive distributor, CSI, causing injury in this Judicial District.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b), because Flowtrend resides in this District, is subject to personal jurisdiction in this District, and has committed acts of infringement in this District.

## FACTUAL BACKGROUND

12. United States Patent No. 9,255,412 ("the '412 patent"), entitled "Peripheral Sealing Gland for Elongate Objects Passing Through a Surface or Beyond a Pipe End," issued on February 9, 2016. The inventor of the '412 patent is Andrew Leo Haynes. The '412 patent

relates generally to pipe sealing boot products. A copy of the '412 patent is attached hereto as Exhibit 1.

13. The application leading to the '412 patent was U.S. Patent Application No. 12/084,142 ("the '142 application").

14. Lake Products is the owner by assignment of the '412 patent and holds the right to sue and recover damages for infringement thereof, including current and past infringement. Lake Products makes, among other things, pipe sealing boots which it markets under the name Pipetite®.

15. Lake Products' Pipetite® products are covered by the '412 patent.

16. Upon information and belief, Flowtrend is making, using, selling and/or offering for sale one or more products, including pipe sealing boot products (the "Accused Products"), including under the name PT Boot, throughout the United States, including within the Western District of Missouri, the making, using, selling and/or offering for sale of which infringes one or more claims of the '412 patent.

17. Upon information and belief, Flowtrend has had notice and actual knowledge of the '412 patent.

18. Flowtrend was provided actual notice of the then-pending claims in the '142 application by letter dated September 9, 2015. Flowtrend's attorney acknowledged receipt of this letter. The issued claims in the '412 patent are identical to the claims of the '142 application contained in the September 9, 2015 letter.

## COUNT 1

### Infringement of U.S. Patent No. 9,255,412

19. Lake Products realleges and incorporates by reference Paragraphs 1-18 of the

3

Complaint.

20. The Accused Products infringe one or more of the claims of the '412 patent in violation of 35 U.S.C. § 271(a). Flowtrend has infringed the '412 patent by making, using, selling, offering for sale and/or importing the Accused Products throughout the United States and in this Judicial District.

21. Flowtrend has induced others and/or contributed to the infringement of one or more claims of the '412 patent in violation of 35 U.S.C. §§ 271(b) and (c).

22. Upon information and belief, Flowtrend's infringement of the '412 patent has been deliberate and willful.

23. Lake Products has been damaged by Flowtrend's infringement in an amount to be determined at trial.

**PRAYER**

Wherefore, Plaintiff Lake Products Limited prays for judgment against Defendant Flowtrend, Inc. as follows:

A. That Flowtrend be adjudged to have infringed one or more claims of the '412 patent.

B. That Flowtrend be adjudged to have willfully infringed one or more claims of the '412 patent.

C. That Flowtrend be adjudged to have induced and/or contributed to the infringement of one or more claims of the '412 patent.

D. That Lake Products be awarded damages adequate to compensate for the infringement of the '412 patent, including lost profits, but in no event less than a reasonable royalty for use of the invention together with interest and costs under 35 U.S.C. § 284.

E. That this case be deemed exceptional.

F. That all damages awarded be trebled.

G. That Lake Products shall be awarded its attorneys' fees and costs in this action.

H. That pre-judgment and post-judgment interest be assessed on the damages awarded.

I. That Lake Products have such other, further, and different relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Lake Products Limited hereby demands a trial by jury of all issues in this action that are triable to a jury.

DATED: February 9, 2016

Respectfully submitted,

By: _/s/ Joseph D. Sheppard, III_
Joseph D. Sheppard, III
Missouri Bar No. 37525

By: _/s/ Jeffrey N. Costakos_
Jeffrey N. Costakos,
WI Bar No. 1008225

**CARNAHAN, EVANS, CANTWELL & BROWN, P.C.**
2805 S. Ingram Mill Road
P.O. Box 10009
Springfield, Missouri 65808-0009
Phone: (417) 447-4400
Fax: (417) 447-4401
E-mail: jsheppard@cecb.com
ATTORNEYS FOR PLAINTIFF

**FOLEY & LARDNER LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 297-5782
Facsimile: (414) 271-2400
Email: jcostakos@foley.com
ATTORNEYS FOR PLAINTIFF

5